IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MARK GIBNEY, et al.,** | : | Case No. 2:10-CV-00708 |
| | : | |
| Plaintiffs, | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM FIRE & CASUALTY CO.,** | : | Magistrate Judge Elizabeth Deavers |
| | : | |
| Defendant. | : | |

### OPINION & ORDER

### I. INTRODUCTION

This matter is before the Court on Defendant State Farm Fire & Casualty Company's ("State Farm") Motion for Reconsideration. (Doc. 61.) Specifically, Defendant requests that this Court reconsider its September 25, 2012 ruling on Plaintiffs' waiver promissory estoppel claim, (Doc. 58), and grant summary judgment to Defendant on that claim. Plaintiffs Mark Gibney and Brenda Gibney, as well as Intervenor Plaintiff, PNC Bank N.A. ("PNC"), seek to recover based on Defendant's denial of a claim made under their insurance policy with Defendant. For the reasons set forth herein, Defendant's Motion to Reconsider is **GRANTED** and summary judgment to Defendants is **GRANTED** as to Plaintiff's claim for waiver and promissory estoppel.

### II. BACKGROUND

The facts and procedural history of this case are described at length in our September 25 Opinion and Order. (*See* Doc. 58 at 2-7.) Facts relevant to the instant analysis are restated here, supplemented by additional facts submitted in connection with State Farm's Motion to Reconsider.

*A.  Factual History*

State Farm issued Homeowner's Insurance Policy No. 35-BH-C787-0 to Gibney for the property located at 7729 Roberts Road, Hilliard, Ohio 43026 (the "Property"), effective July 23, 2008 through July 23, 2009 (the "Policy").  The Policy contained a "Concealment or Fraud" condition (the "Concealment or Fraud Condition" or the "Condition"), which stated that the policy would be void if any insured "intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss." (Doc. 40, First Raker Decl., Ex. A at 25 (the Policy).)

On July 3, 2009, a fire occurred at the Property (the "July 3 Fire") causing fire, smoke and water damage and rendering it uninhabitable.  Gibney promptly filed a claim with State Farm and State Farm opened an investigation as per its standard protocol. In the course of State Farm's investigation, various members of Gibney's extended family testified under oath that Gibney reported multiple and contradicting versions of the events surrounding the July 3 Fire. (Doc. 58 at 2-3.)

On July 25, 2009, while State Farm was in the process of investigating and adjusting the July 3 Fire, Gibney reported that a second fire had occurred overnight at the Property (the "July 25 Fire").  Gibney reported that July 25 Fire resulted in a total loss of the Property. (*Id*. at 3.)

On July 30, 2009, State Farm sent Gibney a letter in connection with the July 3 Fire (the "July 30 Letter") that: requested that Gibney comply with the provisions of the Policy; informed him that nothing in the letter, nor any of State Farm's past or future actions was "to be considered a waiver of [State Farm's] rights" under the Policy; and "reserve[d] the right to deny liability at any time should [the] investigation develop sufficient facts that would warrant such a

2

denial." (Doc. 62, Second Raker Decl., Ex. B at 3.) The July 30 Letter made no mention of the Concealment or Fraud Condition.

On August 13, 2009, State Farm sent to Gibney two identical Reservation of Rights letters (the "August 13 Letters"), one in connection with each fire, advising him that State Farm was reserving all rights to deny coverage. (Doc. 40, First Raker Decl. ¶ 7, Ex. B (concerning the July 25 Fire); Doc. 62, Second Raker Dec. ¶ 6, Ex. A (concerning the July 3 Fire).) In both letters, State Farm reminded Gibney of the Condition that the Policy would be "void" if he misrepresented material facts in the course of State Farm's investigation. (Doc. 40, Ex. B at 5; Doc. 62, Ex. A at 4.)

State Farm retained origin and cause expert Scott Bennett to investigate the origin and cause of both the July 3 Fire and the July 25 Fire. On November 30, 2009, Bennett issued an Origin and Cause Report relating to the July 25 Fire, which explained that flooring samples tested positive for the ignitable liquids and concluded that the cause of the July 25 Fire was "undetermined" but "suspicious." On May 15, 2010, Bennett issued an Origin and Cause Report relating to the July 3 Fire which found the site evidence inconsistent with Gibney's narrative of the events and determined that the July 3 Fire was caused by "a human act." Bennett clarified at his deposition that the July 3 Fire resulted from an "intentional human act." (Doc. 58 at 4.)

On July 22 and July 30, 2010, State Farm advised Gibney that it was denying his claim relating to the July 3 Fire due to Gibney's breach of the Concealment or Fraud Condition. State Farm also stated that, based on the Condition breach, State Farm was retroactively voiding the Policy as of July 3, 2009 at 12:01 a.m., such that Plaintiff would have "no coverage with State Farm" for any claims for loss after that date. (*Id.* at 5.)

3

*B. Procedural History*

Plaintiffs filed the present lawsuit against State Farm in July 2012. Plaintiffs asserted in their Amended Complaint three claims: (1) State Farm breached the Policy by denying Gibney's claims for loss; (2) State Farm acted in bad faith by denying Gibney's claims for loss; and (3) State Farm waived its right to void the Policy and was estopped from asserting a lack of coverage. State Farm denies Plaintiff's claims, and, on February 29, 2012, moved for summary judgment with respect to each claim.

In an opinion and order dated September 25, 2012, (Doc. 58), this Court denied Defendant's motion with respect to Plaintiff's breach of contract and waiver/estoppel claims and granted summary judgment for State Farm as to Plaintiff's bad faith claim. This Court made its findings as to Plaintiff's waiver and estoppel claim on the basis of the only reservation letter submitted in connection with Defendant's summary judgment motion, (Doc. 40, Ex. B). The letter submitted to the Court was the August 13 Letter that referenced the July 25 Fire (the "August 13-July 25 Letter"). The Court had no knowledge of the July 30 Letter, nor the August 13 Letter that referenced the July 3 Fire (the "August 13-July 3 Letter").

State Farm now asserts that it submitted the August 13-July 25 Letter in error and intended to attach the nearly identical August 13-July 3 Letter to its filings instead. State Farm therefore moves that this Court reconsider its prior decision on Plaintiffs' waiver and estoppel claims in light of this error, (Doc. 61), and newly submits the August 13-July 3 Letter, (Doc. 62, Ex. A), and the July 30 Letter, (*id*., Ex. B), for the Court's consideration). Plaintiffs oppose Defendant's Motion to Reconsider.

4

### III. LAW AND ANALYSIS

District courts "have authority both under common law and [Federal] Rule [of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir.1991)). This authority vests in district courts "significant discretion," *id*. at 959 n.7, "to afford such relief from [interlocutory orders] as justice requires." *Id*. at 959 (alteration in original) (quoting *Citibank N.A. v. Fed. Deposit Ins. Corp.,* 857 F.Supp. 976, 981 (D.D.C. 1994)). Traditional justifications for reconsidering interlocutory orders include: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Co. Metro Gov't v. Hotels.com L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (citing *Rodriguez*, 89 Fed. App'x at 959). The Sixth Circuit has noted that "justice does not require that the district court [grant reconsideration] on an issue that would not alter the district court's prior decision." *Rodriguez*, 89 Fed. App'x at 959-960.

State Farm argues that the attachment of the wrong reservation letter to its summary judgment motion was a clear clerical error that justifies reconsideration of the Court's prior order denying summary judgment on Plaintiff's claim of promissory estoppel. Plaintiffs acknowledge the validity of the letters which Defendant now submits to the Court, but argue that the existence of these letters should not change the Court's conclusion. The Court now finds that the attachment of August 13–July 25 Letter instead of the August 13-July Letter was a clear error. Moreover, that error materially affected the Court's finding that there were genuine disputes of material fact, Fed. R. Civ. P. 56(a), which warranted the denial of summary judgment as to Plaintiffs' waiver and estoppel claim.

5

As this Court explained in its September 25 opinion, "*[w]aiver and estoppel should apply only in those cases where there is a clear misrepresentation of fact or when the insurer provides a defense without reserving its rights for a period sufficient to prejudice the insured's ability to conduct its own defense.*" *Fairfield Mach. Co. v. Aetna Cas. and Sur. Co.*, 2001 WL 1165624, at *8 (Ohio Ct. App. Dec. 28, 2001) (emphasis in original) (quoting *Turner Liquidating v. St. Paul Surplus Lines Ins. Co.*, 638 N.E.2d 174, 179-80 (Ohio Ct. App. 1994)). These are narrow and limited exceptions to "the general rule that waiver and estoppel cannot extend coverage of an insurance policy." *Turner*, 638 N.E.2d at 179.

In denying summary judgment on this matter, this Court based its decision on the existence of a factual dispute as to whether the August 13-July 25 Letter was sufficient to reserve State Farm's right to deny coverage for the July 3 Fire. This Court reasoned:

> The possible deficiency with State Farm's Reservation of Rights is that, by its own terms, it pertained to Gibney's claims submitted for the July 25 Fire, only. Since this is apparently the only reservation of rights provided by State Farm to Gibney, a material issue remains as to whether the Reservation of Rights Letter was effective to reserve State Farm's rights to deny coverage for the July 3 Fire as well. Moreover, there is a material issue as to whether the Reservation of Rights sufficiently put Plaintiffs on notice of State Farm's potential denial of Gibney's claims for the July 3 Fire, which became State Farm's basis for voiding the Policy thereafter.

(Doc. 58 at 19)(internal citations omitted).

The Court's decision therefore relied on evidence that there was only one reservation of rights letter and that it related solely the July 25 Fire – conclusions based on Defendant's error in attaching the wrong August 13 Letter. Indeed, Plaintiffs do not now contest that State Farm in fact issued reservation letters specific to the July 3 Fire on both July 30 and August 13. Nor do Plaintiffs contest whether the content of those letters would have been sufficient to reserve State Farm's rights if timely presented to Gibney.

6

Rather, Plaintiff's sole argument against reconsideration and summary judgment is that State Farm's failure to reserve rights in advance of the July 25 Fire made its letters of reservation per se untimely. This Court has already determined, however, that "State Farm's August 13, 2009 Reservation of Rights letter, sent approximately five weeks after the July 3 Fire, was not untimely or otherwise 'sufficient to prejudice the insured's ability to conduct its own defense.'" (Doc. 58 at 5) (quoting *Fairfield Mach.*, 2001 WL 1165624 at *8). Plaintiff's subsequent loss does not render that reasonably short time period[1] sufficiently prejudicial to justify extending the Policy through waiver or estoppel if the Concealment and Fraud Condition was in fact violated. *Turner*, 638 N.E.2d at 179. Thus, there is no genuine dispute of fact as to the timeliness of a reservation letter mailed August 13, so long as its content is sufficient to reserve State Farm's rights as to the July 3 Fire and put Gibney on notice of that reservation.

The Court's prior denial of summary judgment on Plaintiffs' waiver and estoppel claims relied on clearly erroneous facts gleaned from evidence submitted in error. In light of the newly submitted evidence, the Court finds no outstanding dispute regarding the validity, sufficiency or timeliness of State Farm's reservation of rights as to the July 3 Fire. As such, State Farm has shown that there is no genuine dispute as to any material fact related to Plaintiffs' waiver and estoppel claim and is thus entitled to summary judgment pursuant to Fed. R. Civ. P. 56(a).

---

[1] Indeed, the undisputed evidence now indicates that State Farm's reservation of rights was even more prompt: the July 30 Letter was issued less than *four* weeks after the July 3 Fire – albeit without mention of the Concealment or Fraud Condition. *Compare Turner*, 638 N.E.2d at 179-80 (Ohio Ct. App. 1994) (finding prejudice after nearly one year without a reservation of rights); *Collins v. Grange Mut. Cas. Co.*, 706 N.E.2d 856, 859-60 (Ohio App. 1997) (finding prejudice where over 16 months without a reservation of rights) (citing *Socony-Vacuum Oil Co. v. Continental Cas. Co.*, 67 N.E.2d 836, 839-840 (Ohio App. 1944) (finding waiver after one year without reservation of rights), *aff'd on other grounds*, 59 N.E.2d 199, 205 (Ohio 1945)); *Transamerica Ins. Group v. Chubb & Son, Inc.* (1976), 16 Wash.App. 247, 252, 554 P.2d 1080, 1083 (finding prejudice after ten months without a reservation of rights).

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Reconsideration and **GRANTS** Summary Judgment to Defendant on Plaintiffs' waiver and promissory estoppel claim.

**IT IS SO ORDERED.**

                                                 **s/ Algenon L. Marbley**
                                                 **Algenon L. Marbley**
                                                 **United States District Judge**

**Dated: December 3, 2012**